JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CINDYY HEFFELFINGER, individually and on behalf of all others similarly situated. | LIFEENERGY, LLC |

| (b) County of Residence of First Listed Plaintiff   PHILADELPHIA | County of Residence of First Listed Defendant    HARRIS |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Royer Cooper Cohen Braunfeld LLC; Attn: Barry L. Cohen, Esq., 101 W. Elm Street, Suite 220, Conshohocken, PA 19428; 484-362-2620 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Telephone Consumer Protection Act, 47 U.S.C. Sec. 227, et seq.

Brief description of cause:
Violation of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

00270192.v1

| DATE | SIGNATURE OF ATTORNEY OF RECORD | | |
|---|---|---|---|
| 10/04/2016 | Barry L. Cohen | | |

FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

JS 44 Reverse  (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

00270192.v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | |
|---|---|
| CINDY HEFFELFINGER, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiffs,* | |
| v. | CLASS ACTION |
| LIFEENERGY, LLC, a Delaware Limited Liability Company, | JURY TRIAL DEMANDED |
| *Defendant.* | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                   ( XX)

(f) Standard Management – Cases that do not fall into any one of the other tracks.                      ( )

| | | |
|---|---|---|
| <u>10/04/2016</u> | <u>Barry L. Cohen</u> | <u>Plaintiffs</u> |
| Date | Attorney-at-law | Attorney for |
| <u>484-362-2628</u> | <u>484-362-2630</u> | <u>bcohen@rccblaw.com</u> |
| Telephone | FAX Number | E-Mail Address |

**(Civ. 660) 10/02**

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA --- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   Cindy Heffelfinger, 404 Washington Street, Slatingon, PA 18080

Address of Defendant:   Lifelinergy, LLC, 2000 West Loop S, Suite 2010, Houston, TX 77027

Place of Accident, Incident or Transaction:  Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes []   No[X]

Does this case involve multidistrict litigation possibilities?       Yes☐   No[X]
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No[X]

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No[X]

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?       Yes☐   No[X]

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No[X]

CIVIL: (Place X IN ONE CATEGORY ONLY)

A.  *Federal Question Cases:*
1.  ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2.  ☐ FELA
3.  ☐ Jones Act-Personal Injury
4.  ☐ Antitrust
5.  ☐ Patent
6.  ☐ Labor-Management Relations
7.  ☐ Civil Rights
8.  ☐ Habeas Corpus
9.  ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases       (Please specify) _____
11. [X] All other Federal Question Cases
     (Please specify)  Telephone Consumer Protection Act, 47 U.S. C. Sec. 227, et seq.

B.  *Diversty Jurisdiction Cases:*
1.  ☐ Insurance Contract and Other Contracts
2.  ☐ Airplane Personal Injury
3.  ☐ Assault, Defamation
4.  ☐ Marine Personal Injury
5.  ☐ Motor Vehicle Personal Injury
6.  ☐ Other Personal Injury (Please specify)
7.  ☐ Products Liability
8.  ☐ Products Liability — Asbestos
9.  [] All other Diversity Cases

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I,     Barry L. Cohen                     , counsel of record do hereby certify:
   [X] Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   [X] Relief other than monetary damages is sought.
DATE:  10/04/2016 _____               _____          68864 _____
                                         Attorney-at-Law                        Attorney I.D.#
        NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:    10/04/2016 ____               _____          68864 _____
                                         Attorney-at-Law                        Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY HEFFELFINGER, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | |
| v. | **CLASS ACTION COMPLAINT** |
| LIFEENERGY, LLC, a Delaware limited liability company | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

### CLASS ACTION COMPLAINT

Plaintiff, Cindy Heffelfinger ("Heffelfinger" or "Plaintiff") brings this Class Action Complaint against Defendant, LifeEnergy, LLC ("LifeEnergy" or "Defendant") to stop its practice of making unsolicited telemarketing calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

### PARTIES

1.      Plaintiff Heffelfinger is a natural person over the age of eighteen (18) and a citizen of the Commonwealth of Pennsylvania.

2.      Defendant LifeEnergy is a limited liability company incorporated and existing under the laws of the State of Delaware. Its principal office address is 2000 West Loop S, Suite 2010, Houston, Texas 77027. LifeEnergy does business throughout the United States, including in the Commonwealth of Pennsylvania and in this District.

**JURISDICTION & VENUE**

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") a federal statute.

4.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is registered to do business in Pennsylvania, regularly conducts business in Pennsylvania and in this District, directed calls to this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District.

**COMMON ALLEGATIONS OF FACT**

5.      Defendant LifeEnergy is a distributed energy company based in Houston, Texas. LifeEnergy provides electricity, natural gas, and solar energy products and services to residential homeowners as well as commercial businesses in select deregulated markets in the United States.

6.      On or about June 9, 2016, the Pennsylvania Public Utility Commission approved Defendant's application for approval for an electricity supplier license for residential, small commercial, large commercial, industrial, and governmental customers in all of the electric distribution company service territories throughout Pennsylvania.[1]

7.      In an attempt to promote its business and to generate leads for its services, LifeEnergy conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited telephone calls to the telephones of Plaintiff and other members of the Classes, including telephone numbers that appear on the National Do Not Call Registry, without first obtaining express consent to do so—all in violation of the TCPA.

---

[1] *See* http://www.puc.pa.gov/general/pm_agendas/2016/pm060916.pdf

8.  Prior to 1997, Pennsylvania was a regulated electric supply market, but with the passage of *The Electricity Generation Customer Choice and Competition Act*, 66 Pa.C.S. § 2801 *et seq.*, consumers were allowed to shop for an electrical supplier.

9.  This deregulation had a very real impact, and many electric suppliers entered the Pennsylvania market, offering energy generation supply services to consumers and businesses.

10. This competition for new customers created a number of problems, and in 2011, the Pennsylvania Public Utility Commission adopted a proposed rulemaking order which set forth regulations on marketing strategies and sales techniques for electric generation suppliers and natural gas suppliers in Pennsylvania. *See* 41 Pa. Bull. 5624 (October 22, 2011).[2]

11. The rules promulgated by the Pennsylvania Public Utility Commission included specific limitations on telemarketing activities by energy suppliers, including:

> (a) A supplier and its agents shall comply with regulations that govern marketing, consumer protection and telemarketing sales including consumer protection regulations in Chapters 54 and 62 (relating to electricity generation customer choice; and natural gas supply customer choice) and applicable provisions in Chapters 56, 57 and 59 (relating to standards and billing practices for residential utility service; electric service; and gas service).

> (1) A supplier that is licensed by the Commission and engages in telemarketing is not required to register as a telemarketer under section 3(a) of the act (73 P. S. § 2243(a)), regarding registration requirement, but shall comply with other provisions of the act.

> (2) An agent that contracts with a supplier to conduct telemarketing and sales activities on behalf of the supplier shall register as a telemarketer and comply with the act.

> (3) A supplier and its agents shall comply with the Telemarketing and Consumer Fraud and Abuse Prevention Act (15 U.S.C.A. § § 6101—6108) and 16 CFR Part 310 (relating to telemarketing sales rule).

---

[2] Available at http://www.pabulletin.com/secure/data/vol41/41-43/1789.html

> (4)  Customer consent to the release of customer information by
> the distribution company to the supplier to enable competitive
> solicitations does not constitute an express request to receive
> telephone solicitation calls. See section 5 of the act (73 P. S. §
> 2245), regarding unlawful acts and penalties. See the definition of
> "do not call list" in section 2 of the act (73 P. S. § 2242).

51 Pa. Code § 111.10

12.     Prior to the codification of the energy telemarketing rules, the Pennsylvania

Public Utility Commission had requested an advisory opinion from the Commonwealth's

Attorney General on whether the Telemarketer Registration Act, 73 P. S. §§ 2241—2249 applied

to electric generation suppliers (the "Pennsylvania AG Opinion"). *See* 40 Pa. Bull. 1278 (March

6, 2010).[3]

13.     The Pennsylvania AG Opinion stated that electric generation suppliers (such as

Defendant) engaged in telemarketing are indeed telemarketers for all relevant purposes of the

Telemarketer Registration Act. Additionally, the Pennsylvania AG Opinion stated:

> Agents of suppliers, such as individuals and businesses initiating or
> receiving calls pursuant to contracts with suppliers, are not
> excluded from the definition of "telemarketer" and therefore must
> register. It is immaterial to the definition or the exclusion that the
> source of customer information used for telephone solicitation by
> suppliers or their agents is an electric distribution company.

40 Pa. Bull. 1278

14.     The Pennsylvania AG Opinion further noted that the general consent by a

Pennsylvania consumer, whether by opt-in or opt-out, to the sharing of contact information by

their electric distribution company with electric suppliers did not:

> constitute "an express request" to receive telephone solicitation
> calls. The "do-not-call list" defined in section 2 of the
> Telemarketer Act, 73 P. S. § 2242, protects consumers from
> unwanted telephone solicitation calls. See sections 5-9, 73 P. S. §§

---

[3] Available at http://www.pabulletin.com/secure/data/vol40/40-10/418.html

2245-2249. The protection of the do-not-call list is defeated if general consent to the release of information given by a consumer to one individual or business operates as general consent to receive telephone solicitations from any number of other individuals or businesses.

40 Pa. Bull. 1278

15.    Telemarketers who wish to avoid calling numbers listed on the National Do Not Call Registry can easily and inexpensively do so by "scrubbing" their call lists against the National Do Not Call Registry database. The scrubbing process identifies those numbers on the National Do Not Call Registry allowing telemarketers to remove those numbers and ensure that no calls are placed to consumers who opt-out of telemarketing calls.

16.    To avoid violating the TCPA by calling registered numbers, telemarketers must scrub their call lists against the Registry at least once every thirty-one days. *See* 16 C.F.R. § 310.4(b)(3)(iv).

17.    When placing these calls to consumers, LifeEnergy failed to get the prior express consent of telephone owners as required by the TCPA to make such calls.

18.    Furthermore, Defendant calls consumers, such as Plaintiff, who have no "established business relationship" with Defendant and who are registered on the National Do Not Call Registry.

19.    Finally, even when consumers try to opt out of future calls by requesting to never be called again, Defendant continues to call them.

20.    Despite only having been approved as an energy supplier in Pennsylvania in June 2016, consumer complaints about LifeEnergy's invasive and repetitive calls are legion. As a sample, consumers have complained as follows.

- "A robo-call that does not leave a voicemail and kept calling my phone as it's in my area code so I answered it. Said they were calling about my

PECO bill (Philly based Electrical Company) which I do not have service with and when I press the option to talk to a representative I'm transferred to someone outside the country. if you tell them you are on the Do Not Call list or to remove you from their call system, they hang up on you."[4]

- "keep phoning cellular phone - no message left"[5]

- "I didn't recognize this number so I called it back once the phone stopped ringing. A woman answered saying she was with 'Life Energy'. I am presuming it is another solicitation call concerning our energy provider. We get a ton of those types of calls. I immediately hung up because if I want to change my provider, I'll call the companies not the other way around."[6]

- "Calls all the time. No message or answer on call back. Scam!"[7]

### FACTS SPECIFIC TO PLAINTIFF HEFFELFINGER

21.     Plaintiff registered her residential landline telephone number with the National Do Not Call Registry on May 20, 2004 to avoid receiving unwanted telemarketing calls.

22.     Beginning in at least July 2016, Plaintiff Heffelfinger began to receive unsolicited telephone calls from Defendant on her landline telephone from Defendant. The calls were an attempt to get Plaintiff to switch her electricity supplier to Defendant LifeEnergy.

23.     Plaintiff would receive multiple telephone calls each week, sometimes receiving up to 3 or 4 calls per day. The volume of unsolicited telephone calls from Defendant was consistent throughout August 2016, and continues to this day.

24.     During the week of July 25, 2016 Plaintiff received telephone calls on her landline telephone from Defendant. These telephone calls all displayed the number 484-445-0790 on Plaintiff's caller ID. When calling this number back, the agent answering the phone identifies themselves as being employed by Defendant, LifeEnergy, and provides information

---

[4] http://800notes.com/Phone.aspx/1-215-277-2408/3
[5] http://callercheck.org/phonenumber/4124536470
[6] http://800notes.com/Phone.aspx/1-412-453-6470
[7] http://800notes.com/Phone.aspx/1-215-277-2408/2

6

about Defendant's energy supply services.

25.    When Plaintiff answered the first telephone call from Defendant on approximately July 25, 2016, she was told that the call was regarding her current energy supplier and an opportunity to switch to LifeEnergy. Plaintiff informed Defendant's operator on that call: (1) that she was not interested in Defendant's products or services, (2) that she had never given Defendant permission to call her, (3) that she was registered on the National Do Not Call Registry, and (4) that Defendant was not to call her again.

26.    When the telephone calls from Defendant continued, Plaintiff made additional requests for Defendant to stop calling her, but despite these requests she still received telephone calls almost daily from Defendant. When she saw that the telephone calls were not stopping by August 9, 2016 she began to log them by date and time.

27.    The telephone calls received on and after August 9, 2016 all came from phone number 484-445-0790 at the following dates and times:

- August 9, 2016 - 5:09 pm

- August 11, 2016 - 10:01 am

- August 12, 2016 - 10:45 am

- August 15, 2016 - 11:04 am

- August 15, 2016 - 2:56pm

- August 15, 2016 - 5:56pm

- August 16, 2016 - 10:40 am

- August 16, 2016 - 6:25 pm

- August 17, 2016 - 4:48pm

- August 18, 2016 - 2:04 pm

- August 19, 2016 - 11:52 am

- August 19, 2016 - 2:20 pm

- August 19, 2016 - 3:03 pm

- August 19, 2016 - 4:38 pm

- August 22, 2016 - 11:08 am

- August 22, 2016 - 3:32 pm

- August 22, 2016 - 4:14 pm

- August 22, 2016 - 10:12 am

- August 23, 2016 - 3:08 pm

- August 23, 2016 - 3:57 pm

- August 23, 2016 - 7:37 pm

- August 24, 2016 - 11:00 am

- August 24, 2016 - 12:07 pm

- August 24, 2016 - 2:42 pm

- August 25, 2016 - 9:36 am

- August 25, 2016 - 11:05 am

- August 25, 2016 - 11:31 am

- August 25, 2016 - 1:13 pm

- August 25, 2016 - 1:42 pm

- August 26, 2016 - 9:29 am

- August 26, 2016 - 10:21 am

- August 26, 2016 - 12:19 pm

- August 26, 2016 - 6:51 pm

- August 29, 2016 - 11:39 am

- September 2, 2016 - 12:25 pm

- September 2, 2016 - 3:24 pm

- September 5, 2016 - 9:05 am

- September 6, 2016 - 1:31 pm

28.    In addition to the telephone calls from Defendant from phone number 484-445-0790, Plaintiff received at least 5 additional unsolicited telephone calls from Defendant at the following dates and times and from the following additional telephone numbers:

- August 22, 2016 - 11:34 am; 412-430-0163

- August 22, 2016 - 11:58 am; 215-277-2408

- August 22, 2016 - 6:45 pm; 215-277-2408

- August 23, 2016 - 1:08 pm; 215-277-2408

- August 22, 2016 - 12:59 pm; 814-753-4736

29.    At no time did Plaintiff consent to the receipt of these unsolicited telephone calls from Defendant let alone provide prior oral or written express consent to Defendant.

30.    At least fourteen (14) telephone calls were placed more than 30 days after Plaintiff asked LifeEnergy to cease calling her.

31.    Plaintiff does not have a relationship with Defendant, has never provided her telephone number directly to Defendant, and never requested that Defendant place calls to her or offer her its services. Simply put, Plaintiff has never provided her prior express consent to Defendant to place calls to her and has no business relationship with Defendant.

32.    By making unsolicited telephone calls to consumers registered on the national do not call registry as alleged herein, Defendant has caused consumers actual harm. The calls

9

disturbed Plaintiff's use and enjoyment of her phone, caused to the wear and tear on the phone's hardware (including the phone's battery), and prevented her from making and receiving other calls while she was dealing with Defendant's harassing calls. In the present case, a consumer could be subjected to many unsolicited telephone calls as Defendant ignores requests for the calls to stop.

33.    In order to redress these injuries, Plaintiff, on behalf of herself and a class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telephone calls to landline telephones whose telephone numbers on registered on the Do Not Call registry for more than thirty (30) days.

34.    On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers whose phone numbers on registered on the Do Not Call registry and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

35.    Plaintiff Heffelfinger brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and the two classes defined as follows:

> **No Consent Do Not Call Class**: All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendant LifeEnergy within a 12-month period; and (3) for whom Defendant claims it obtained prior express consent to call in the same manner as Defendant claims prior express consent was obtained to call Plaintiff.

> **Stop Calling Do Not Call Class**: All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendant LifeEnergy within a 12-month period; and (3) who

requested that Defendant not call them again (4) and received at least two additional calls from Defendant more than thirty (30) days after requesting for the calls to stop.

36.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following discovery regarding the size and scope of the Classes and the manner by which Defendant claims via any affirmative defense that Plaintiff gave prior express consent.

37.     **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

38.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)     Whether Defendant's conduct violated the TCPA;

    (b)     Whether Defendant systematically made telephone calls to individuals

11

who did not previously provide Defendant and/or its agents with their prior express consent to receive such telephone calls;

(c)     Whether Defendant systematically made telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

(d)     Whether Defendant systematically made telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry, who requested not to receive any more calls from Defendant, and yet Defendant made an additional call to them more than thirty (30) days following the request for the calls to stop.

(e)     Whether the Plaintiff and the other members of the Classes are entitled to statutory damages;

(f)     Whether Defendant's calls were for the telemarketing purposes, and

(g)     Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

39.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Classes.

40.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel have the resources to prosecute this action.

41.      **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Classes as respective wholes. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff.

42.      **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court for each of the Classes. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the No Consent Do Not Call Class)

43.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

44.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

45.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

46.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential

14

telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

47.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to residential telephone subscribers such as Plaintiff and the No Consent Do Not Call Class members who registered their respective telephone numbers on the National Do Not Call Registry. These consumers requested to not receive calls from Defendant as set forth in 47 C.F.R. § 64.1200(d)(3).

48.     Defendant made more than one unsolicited telephone call to Plaintiff within a 12-month period without Plaintiff's prior express consent to receive such calls. Defendant also made

15

more than one unsolicited telephone call to each member of the No Consent Do Not Call Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the No Consent Do Not Call Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the No Consent Do Not Call Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential telephone subscribers, such as Plaintiff and the No Consent Do Not Call Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

49.     Defendant failed to maintain a written policy available on demand for maintaining a do not call list. Further, Defendant failed to train its staff and employees engaged in any aspect of telemarketing with respect to its do not call list.

50.     To the extent any third party placed the calls, any such third party acted with the actual or apparent authority of Defendant to make the calls, and Defendant had knowledge of the calls and received the benefits of the calls. The calls were made on Defendant's behalf. Any such third party acted in accordance with a contract or other arrangement between Defendant and the third party.

51.     As a result of Defendant's unlawful conduct, Plaintiff and the No Consent Do Not Call Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the No Consent Do Not Call Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

52.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Do Not Call Class.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the Stop Calling Do Not Call Class)

53.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

54.     Defendant violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to residential telephone subscribers such as Plaintiff and the Stop Calling Do Not Call Class who were registered on the National Do Not Call Registry and who specifically told Defendant to stop calling them, and who received two more calls within a 12-month period from Defendant at least thirty (30) days after informing Defendant to stop calling them. Defendant made these calls without instituting procedures that comply with the minimum regulatory standards for maintaining a list of persons who request not to receive telemarketing calls from them or training its personnel in the existence and use of any such list.

55.     As a result of Defendant's unlawful conduct, Plaintiff and the Stop Calling Do Not Call Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the Stop Calling Do Not Call Class is each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

56.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Do Not Call Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cindy Heffelfinger, on behalf of herself and the Classes, prays for the following relief:

1.      An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Heffelfinger as the representative of the Classes and appointing her attorneys' as Class Counsel;

2.      A declaratory judgment declaring that Defendant's calls violated the TCPA, that Defendant made the calls for telemarketing purposes, that Defendant failed to maintain and internal do not call list or train its personnel involved in telemarketing in the existence and use of any such list, and that Defendant failed to obtain prior express consent to call Plaintiff and the members of the Classes;

3.      An award of actual and statutory damages to be paid into a common fund for the benefit of the Class Members;

4.      Treble damages in the event the Court finds that Defendant has acted knowingly and willfully;

5.      An injunction requiring Defendant and its agents to cease all unsolicited calling activities, to honor do not call requests, and to provide a domestic number for opting out, and otherwise protecting the interests of the Class;

6.      An injunction prohibiting Defendant from making calls to consumers without first scrubbing its list against the national Do Not Call registry and an internal stop call list;

7.      An award of reasonable attorneys' fees and costs to be paid form the Settlement Fund prayed for above; and

8.     Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: October 4, 2016

By: _____
Barry L. Cohen, Esquire
101 West Elm Street, Suite 220
Conshohocken, PA 19428
T: (484) 362-2628; F: (484) 362-2630
E: bcohen@rccblaw.com
*Counsel for Plaintiff,* CINDY
HEFFELFINGER, individually, and on
behalf of all others similarly situated,
*and the Putative Class*

*Of Counsel:*
Steven L. Woodrow (swoodrow@woodrowpeluso.com)*
Patrick H. Peluso
(ppeluso@woodrowpeluso.com)*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman
(Law@stefancoleman.com)*
Law Offices of Stefan Coleman, P.A.
201 S Biscayne Blvd., 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*pro hac vice* admission to be filed